57 F.3d 1066
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Lorenzo GRIER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2319.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 18, 1995.
Decided: June 16, 1995.
 
 Lorenzo Grier, Appellant Pro Se. Brian David Miller, Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from an order dismissing his action as frivolous. We modify the dismissal to reflect that the action is dismissed under Fed.R.Civ.P. 12(b)(6) and affirm the dismissal as modified.
 
 
 2
 Appellant alleged that former President Ronald Reagan did not respond when Appellant invented the multiplication tables and sent them to the White House, but instead stole Appellant's invention and implemented it in the public schools. Appellant sought damages of $900 billion for fraud, breach of contract and discrimination.
 
 
 3
 Appellant paid the required filing fee, and Defendants were served with process. The Defendants then filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), to which Appellant responded. The district court dismissed the action as frivolous under 28 U.S.C. Sec. 1915(d) (1988).
 
 
 4
 A district court should not dismiss an action as frivolous under Sec. 1915(d) if the plaintiff has paid the filing fee. Section 1915(d) concerns dismissal of frivolous in forma pauperis actions only. See Neitzke v. Williams, 490 U.S. 319, 324-27 (1989) (contrasting judicial screening process available under the in forma pauperis statute with cases where the plaintiff pays the filing fees).
 
 
 5
 However, the court below properly found that there was no arguable basis which would entitle Appellant to relief. Because it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations in Appellant's complaint, the court would have been warranted in either granting Defendants' motion to dismiss for failure to state a claim or ordering dismissal sua sponte, both under Rule 12(b)(6). See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).
 
 
 6
 Accordingly, we modify the district court's order to reflect that the dismissal is pursuant to Rule 12(b)(6) and affirm the order as modi fied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED